[No. 17853.  *En Banc.*  March 18, 1924.]

## BURKE & FARRAR, INCORPORATED, *Appellant*, v. LUCY CAMPBELL et al., *Respondents.*[1]

EXECUTORS AND ADMINISTRATORS (72, 75)—CLAIMS—PRESENTATION —CONTINGENT OR EQUITABLE CLAIMS. A contractor making repairs to be paid for out of rents of the building need not file any claim against the owner's estate, where the transaction amounted to an assignment of the rents; and the claim would not be a contingent claim although no rents were collected until after the time for filing claims had expired.

LIMITATION OF ACTIONS (43)—ACCRUAL OF ACTION—PERFORMANCE OF CONDITION PRECEDENT. Where a contractor agreed to make repairs and to be paid out of rentals received from the building, his right of action did not accrue in whole or in part until some rentals had been received.

CONTRACTS (22) — CONSIDERATION — PERFORMANCE OF CONTRACT. Where a contract granting permission to a contractor to make repairs on a building did not obligate him to do so, performance thereof becomes a consideration and makes it enforcible.

EQUITY (41)—LACHES—STALE DEMAND—DELAY IN PERFORMANCE OF CONTRACT. Under a contract granting permission to a contractor to make repairs and to be paid out of rentals of the building, which were to be reported to the owner, the contractor was authorized to lease the premises and collect the rentals, and he must use reasonable efforts to do so, to avoid a claim of laches.

SAME (41)—LACHES—PLEADING. In such a case, an allegation that he had performed all the obligations of his contract was sufficient, as against general demurrer, to show reasonable effort to secure rentals.

CONTRACTS (92)—CONSTRUCTION—TIME FOR PERFORMANCE—REASONABLE TIME. The rule that, where a contract fails to fix a definite time for performance, the law will presume that the parties intended a reasonable time, has no application to prevent the collection of rentals after the expiration of twelve years, where a contractor agreed to make repairs to a building and take his pay from rentals which he was authorized to collect, and but a small amount had been collected because of inability to find tenants.

HOLCOMB and PARKER, JJ., dissent.

[1]Reported in 224 Pac. 9.

Appeal from a judgment of the superior court for King county, Brinker, J., entered November 23, 1922, upon sustaining a demurrer to the complaint, dismissing an action for equitable relief. Reversed.

*Stratton & Kane,* for appellant.

*Peterson & MacBride,* for respondents.

Bridges, J.—Defendants' demurrer to the complaint was sustained and judgment was entered dismissing the action.

The complaint alleged that, on October 28, 1910, the plaintiff and one James Campbell entered into a written contract, which is as follows:

"October 28/10

"Burke & Farrar.

"Permission is hereby given Burke & Farrar to make repairs to the brick building in Kirkland, corner of Piccadilly and Market streets, which repairs are to be paid for in rents received from tenants who may occupy the building. When all the expenditures have been paid to Burke & Farrar to reimburse them for repairs and money paid out and interest at 7%, then arrangements may be made for future contract for the lease of the property. All bills for repairs, and all moneys received for rent will be reported to the bearer, James Campbell. This property is known as Lots 9 and 10, Block 178, Kirkland town site, King county, Wash.

"James Campbell."

It was further alleged that Mr. Campbell died in September, 1921, leaving a will, and that, about a year prior to his death, the instrument quoted was filed for record in the office of the auditor of King county; that, relying upon the written agreement, the plaintiff, shortly after its execution, made certain repairs on the building in question at an expense to it of $721.28, and that no part of this sum has been repaid except $67.82, and that there is still due and owing $653.46 of

the principal, together with interest in the sum of $523.98, aggregating $1,177.44. It is further alleged "that the said sum of $67.82 . . . was received by the plaintiff as rent from the tenants of the said building, and that no other sums as rental have been received by the plaintiff, for the reason that said building has been vacant and unoccupied and no rentals, other than the said sum of $67.82, have accrued thereon," and that the plaintiff has complied with all of the obligations imposed upon it by the terms of the contract.

The complaint further alleges that the executors of the estate of Mr. Campell have published notice to creditors, and that the time for filing claims thereunder has expired and that plaintiff did not file any claim with the executors; that the executors, trustees and heirs of the estate have leased the premises to Kirkland Masonic Lodge No. 150, for a term of five years from June 16, 1922, at the rental of $76 for the first year and $20 per month thereafter, and that the defendants· have already received the first year's rental, to wit: $76; that the defendants refuse to recognize that plaintiff has any rights whatsoever in the building or the rents to be derived therefrom, and that they are about to sell and dispose of the property, and that, if such be done, the plaintiff will be irreparably damaged and its rights under its contract made worthless. It is further alleged that the above mentioned $76 was paid to the defendants after the time provided in the notices for filing claims of creditors against the estate. The prayer is that the defendants be required to pay to the plaintiff the rental thus collected, to wit, $76, and that they be enjoined from selling or disposing of the property until the plaintiff shall have received the amount still due it from rents or otherwise.

It is claimed that the demurrer was properly sustained because it was necessary that appellant should

file its claim with the executors of the Campbell estate. We are of the opinion that this position is not well taken. Under the terms of the contract, the appellant had no claim whatsoever against Mr. Campbell or against his estate. Manifestly it could not have obtained a personal judgment against Mr. Campbell or one against his estate. Its only right under the contract was to receive its pay from such rentals as should come in from the building in question. If there were no rentals it would never be paid. If it had filed a claim against the estate it would have been the duty of the executors to have denied it on the ground that the estate was not indebted to the plaintiff. The transaction amounted to an assignment of the rents for a certain purpose.

Nor was the appellant's demand in the nature of a contingent claim, for under no circumstances and at no time could it have any claim against the estate as such. It was to get its money from a designated fund and in no other way. We have read the several decisions of this court cited by the parties hereto, but we do not consider them as materially affecting the question under discussion. Doubtless, if Mr. Campbell had collected rents which he had failed or refused to pay to the appellant, then a personal liability against him and his estate would have accrued, simply because he would have become indebted to the appellant for having retained moneys belonging to it. But such is not the case here. Under the allegations of the complaint, Mr. Campbell had not collected any rentals during his lifetime, and the executors had not collected any rents until after the time for filing claims had expired.

The respondents' next contention is that the six-year period of limitations has run against appellant's demand. Section 155, Rem. Comp. Stat. [P. C. § 8160], reads: "Actions can only be commenced within the

periods herein prescribed after the cause of action shall have accrued, . . ." Section 157, Rem. Comp. Stat. [P. C. § 8162], reads "Within six years,—(2) An action upon a contract in writing, or liability express or implied arising out of a written agreement." The statute would not begin to run against appellant's right of action until it had accrued, and it would not accrue, in whole or in part, until there were some rentals from the building to which it was entitled. The complaint shows that there were no such rents, and it must follow that the statute of limitations has not run.

It is also contended that the contract does not obligate the appellant to expend any money on the building. This is true, but the complaint alleges that, accepting the terms of the proposition made by Mr. Campbell, appellant did, shortly after the execution of the instrument, make repairs in the sum alleged. Under all of the authorities, where one is not obliged to perform but does perform, the contract will stand as though he had, in the first place, obligated himself, and the performance becomes a consideration which makes the contract enforcible.

More difficult questions arise on the claim of the respondents that appellant's demand is stale; that lapse of time has barred its enforcement, and that the contract is unenforcible because of its indefinite terms. The argument is that the agreement does not provide any time within which appellant may collect the rents; that twelve years have already expired and the property has yielded but an insignificant sum; that it might take ten or twenty years, or even more, for the rents to discharge the claim; that it could not have been the intention of the parties when the contract was made that appellant should have an indefinite time within which to liquidate its claim, during all of which the owner would be deprived of the right to dispose of the

property. It is particularly argued that it was appellant's duty, under the contract, to find tenants for the property, and that there is nothing in the complaint to show that it has undertaken to comply with this duty, and that, in any event, since the contract does not fix any time for performance, the law will fix a reasonable time and that it has long since expired.

We will discuss the last propositions first.

We are of the belief that the written instrument authorizes appellant, as agent for Mr. Campbell, to lease the premises and collect the rents until its claim is paid. The general tenor of the whole instrument supports this view, and particularly that portion which provides that "all moneys received for rent will be reported to the bearer, James Campbell." If it was not the intention that appellant should do the renting and collecting or, at least, have the right so to do, then the portion of the contract quoted would be entirely useless. Since, under the contract, the appellant had the right and privilege of renting the property, there would devolve upon it the duty of using a reasonable effort in that regard, and a failure to use such effort would ultimately defeat its rights and put it in position to be justly accused of neglecting or sleeping on those rights. But the complaint sufficiently alleges that it did perform its duty in this respect, for it says that "the plaintiff has complied with each and all of the obligations under the terms of the contract." While this is not a very specific allegation, it is amply sufficient as against demurrer. If the case be tried upon its merits, it will be proper to receive evidence touching the question whether appellant has in the past used a reasonable effort to find tenants for the property and to collect the rents. If it has not so done, then its claim would be stale and judgment should be against it.

Nor is that principle of law to the effect that where a contract provides that a certain thing is to be done but fixes no time for the doing of it, the law will presume that the parties intended a reasonable time, applicable to the facts of this case. The substance—the meaning—of this contract is that the appellant shall have a right to receive the rents until the amount collected has discharged its claim. It is not like a case where one has agreed to remove timber from land and no time has been fixed for the removal. There the law will presume a reasonable time under all the circumstances. For the court in this case to say that the appellant had only a reasonable time within which to pay itself out of the rent would be, not only to read into the agreement something that is not there, but to contradict its necessarily implied terms. It is true that twelve years have elapsed since the making of the contract and that but a small amount has been collected, and it is also true that, because of the apparent inability to find tenants for the property, many more years may expire before appellant's claim shall have been paid, yet we cannot violate the spirit and terms of the contract because of these things. While the agreement is an unusual one, it is not uncertain in its terms and we must enforce it as we find it. Manifestly, it was the intention of the parties that the appellant should be repaid out of the rents, and, if so, then it has a right thereto until it has been fully paid, regardless of the lapse of time; provided, of course, it has performed its duty of trying to rent the property.

The complaint states sufficient to entitle the appellant to recover from the respondents the $76 rentals paid after Mr. Campbell's death and after the time had expired for filing claims and to entitle it to have a decree of the court enjoining the sale of the property

until it has been paid, because if such property should be sold and come into the hands of innocent purchasers it would have no means whatsoever of reimbursing itself. We are of the opinion that the complaint stated a cause of action. The judgment is reversed with permission to the parties to make up issues for the trial of the case.

Main, C. J., Pemberton, Tolman, and Mitchell, JJ., concur.

Holcomb, J. (dissenting)—It seems to me that the complaint does not state a cause of action. The contract is so indefinite that it is unenforcible.

Moreover, the decision fastens what is, in effect, a permanent lien for an indefinite number of years against and ties up the title to the property indefinitely —a thing the parties to the contract did not do or contemplate and there is no law justifying it.

I am obliged to dissent.

Parker, J., concurs with Holcomb, J.